# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SPIRIT MASTER FUNDING III, LLC,** a Delaware limited liability company, ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **8:08CV334** |
| **AUTO PLEX OF LINCOLN, L.L.C.,** a Nebraska limited liability company; and **CHADRON L. GUTSCHOW,** an individual, ) ) ) ) ) | **ORDER** |
| **Defendants.** ) | |

This matter is before the court on plaintiff's Motion to Compel Discovery Responses (Doc. 28). The movant has complied with the requirements of NECivR 7.0.1(i), and the defendants have not responded to the motion.

The record shows that the plaintiff served interrogatories and requests for production of documents on the defendants on January 27, 2009. To date, neither defendant has served any responses or objections. The court finds that, by failing to timely respond, the defendants have waived all objections to these discovery requests, *see* Fed. R. Civ. P. 33(b)(4) & 37(d)(2), and that plaintiff's motion should be granted.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions must be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified, or that other circumstances make an award of expenses unjust. See *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).

Here, the defendants did not respond to the plaintiff's motion to compel and have not demonstrated that their failure to timely provide discovery was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, monetary sanctions will be assessed against the defendants.

The defendants are cautioned that failure to comply with this order and failure to respond to the plaintiff's outstanding discovery requests may have very serious consequences. Rule 37 of the Federal Rules of Civil Procedure provides an array of sanctions the court may impose for a party's failure to obey a court's discovery order, including payment of costs and attorney's fees and/or the court striking their pleadings, placing them in default, and entering a default judgment against them.

**IT IS ORDERED** that plaintiff's Motion to Compel Discovery Responses (Doc. 28) is granted, as follows:

1. The defendants have waived all objections to plaintiff's Interrogatories and Requests for Production of Documents.

2. Defendants are given until the close of business on **May 8, 2009** to provide complete responses to all of the plaintiff's interrogatories and requests for production of documents. The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34.

3. Plaintiff is entitled to an award of costs pursuant to Fed. R. Civ. P. 37. The parties shall be heard on the matter of costs and sanctions as follows:

   a. Plaintiff may file a "Motion for Attorney Fees," together with an affidavit attesting to the time and expenses incurred in preparing the instant motions to compel, no later than **May 20, 2009.**

   b. Defendants shall serve and file a response, if any, to plaintiff's Motion for Attorney Fees no later than **June 1, 2009**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED April 21, 2009.**

                                            BY THE COURT:

                                            s/ F.A. Gossett
                                            **United States Magistrate Judge**